**Mohammad RIMI, Detainee, Guantanamo Bay Naval Station and Omar Deghayes, as Next Friend of Mohammad Rimi, Appellants**

v.

**Barack OBAMA, President of the United States of America, et al., Appellees.**

**Nos. 10–5021, 14–5231.**

United States Court of Appeals, District of Columbia Circuit.

May 27, 2015.

John Carney Hayes, Kenneth John Nichols, Brian James Whittaker, Esquire, Nixon Peabody LLP, Washington, DC, Brian M. Childs, Jackson Lewis PC, Boston, MA, for Appellants.

Matthew M. Collette, Catherine H. Dorsey, U.S. Department of Justice, Office of the Attorney General, Washington, DC, for Appellees.

Before: TATEL and WILKINS, Circuit Judges, and SENTELLE, Senior Circuit Judge.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C.Cir. R. 36(d). It is hereby

**ORDERED** and **ADJUDGED** that the decision of the district court be affirmed.

After Petitioner Mohammad Rimi was transferred to Libyan custody from the U.S. detention facility at Guantánamo Bay, the district court dismissed his habeas petition as moot. *See Rimi v. Obama*, 2009 WL 4251097 (D.D.C. Nov. 23, 2009). While Rimi's appeal was pending, his counsel discovered evidence seemingly relevant to his habeas petition on the WikiLeaks website and, based on the new evidence, filed an independent action in the district court seeking to reinstate Rimi's petition. The district court concluded that Rimi's habeas petition remained moot and so dismissed the action for failure to state a claim. *See Rimi v. Obama*, 60 F.Supp.3d 52, 60 (D.D.C.2014). Rimi's appeal from that order was consolidated with his original appeal from the district court's order dismissing his habeas petition as moot. Both are before us, and we affirm.

Because Rimi is no longer in U.S. custody, his petition is moot unless he can demonstrate a concrete and continuing injury that is both traceable to his prior detention at Guantánamo and redressable by this court. *See Gul v. Obama*, 652 F.3d 12, 17 (D.C.Cir.2011). He cannot. Each injury Rimi asserts has ended or, like the harms alleged in *Gul*, is either unredressable by this court or "too speculative to sustain the exercise of federal jurisdiction." *Id.* at 18.

First, Rimi contends that he remained in the constructive custody of the United States after his transfer to Libya. But even if Rimi were right that Libya detained him on behalf of the United States—a claim we need not consider—the alleged injury ended in 2011 when Libyan revolutionaries stormed the prison where Rimi was incarcerated and freed him. As the district court thus recognized, it is "irrelevant—for purposes of analyzing mootness-whether or not Rimi was, *in the past,* in the U.S.'s constructive custody in Libya." *Rimi*, 60 F.Supp.3d at 59.

Next, Rimi contends that he is subject to rearrest and additional incarceration in Libya based on convictions traceable to his detention at Guantánamo Bay. This asserted injury fails on several fronts. For one thing, it is entirely speculative whether the Libyan government will some day seek to rearrest Rimi and compel him to serve the remainder of his sentence. *See Gul*, 652 F.3d at 20 (explaining that petitioners' claim that United States might seek to recapture former Guantánamo detainees is altogether speculative). For another, Rimi's Libyan conviction is hardly traceable to the United States. Indeed, he simply argues that because two of the criminal charges brought against him in Libya are "congruent with accusations leveled against him" at Guantánamo, Appellant's Br. 22, his detention at Guantánamo "*may have informed* the Libyan court's proceedings," *id.* at 23 (emphasis added). Moreover, this asserted harm is unredressable by this court. Just like the travel restrictions the petitioners in *Gul* alleged resulted from their enemy-combatant designations, Rimi's potential rearrest and incarceration by the Libyan government depend on a foreign sovereign's "exercise of broad and legitimate discretion[, which] a court cannot presume either to control or to predict." *Gul*, 652 F.3d at 18 (internal quotation marks and citation omitted).

Finally, Rimi argues that the U.S. government might seek to recapture and detain him because he was never officially released from prison. But we rejected a nearly identical argument in *Gul*. Calling the petitioners' claim that the United States "may recapture" former Guantánamo detainees "the most speculative [injury] of all," *id.* at 20, we noted that the petitioners "ha[d] no basis whatsoever for

believing the Government might pursue them because of their continuing designation (or for that matter, any other reason)," *id.* The same is true here: Rimi offers no evidence, including in the form of the WikiLeaks documents, that the U.S. plans or wishes to recapture him.

The judgment of the district court is therefore affirmed. The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.